UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | NO. 1:17-CR-00195 |
| | ) | |
| v. | ) | (JONES, J.) |
| | ) | |
| DONNA M. VENTURINI, and | ) | (ELECTRONICALLY FILED) |
| HOPE R. CARBONE | ) | |
| Defendants | ) | |

## GOVERNMENT'S SENTENCING MEMORANDUM

The United States of America by and through its counsel, the United States Attorney respectfully submits this Sentencing Memorandum.

### I. Introduction

On September 13, 2017, Defendants Hope Carbone and Donna Venturini (Defendants) pleaded guilty to a one count Information charging them with conspiracy to defraud the United States in violation of Title 18, United States Code, Section 371. The United States Probation Office completed a presentence report (PSR). On August 6, 2018, Defendants filed objections to the PSR. In their objections, Defendants take issue with the Probation Office's finding that the Defendants did not warrant a two level minimal role reduction

to the offense level. The United States did not lodge any objections to the PSR.

## II. Facts

The PSR provides a detailed accounting of the Defendants' conduct. Therefore, the government sets forth only a summary of the facts here.

From in or about 2008 to in or about 2012, Defendants owned and operated D&H Marketing, a federally licensed cigar importer. In starting their cigar importation business, Defendants had the assistance of Jose Dominquez, a Dominican Republic national. In addition, Dominquez owned and operated a cigar manufacturing business in the Dominican Republic. Defendants agreed to import Dominquez' cigars. As the federally licensed importer Defendants were legally required to collect and remit to the United States the excise taxes due and owing on all Dominquez' shipment of cigars into the United States. Defendants collected approximately $3,922,586.00 in excise taxes. Rather than remit all the taxes to the United States,

Defendants held onto approximately $1,800,000. Of this amount, Defendants sent Jose Dominquez approximately $900,000 or 50%.

III. **The Advisory Guideline Range**

Based on a total offense level of 19 and a criminal history category of I, the advisory range is 30 to 37 months.

IV. **The Probation Department Correctly Concluded That The Defendants Were Not Entitled To a Two Level Minimal Role Reduction To Their Offense Level**

U.S.S.G. § 3B1.2 provides for downward adjustments to the offense level where the defendant was a "minimal" or "minor" participant. The proponent of the mitigating role adjustment, in this case Defendants, bear the burden of proof, the standard of which is a preponderance of the evidence. United States v. Rodriquez, 342 F.3d 296 (3d Cir. 2003). The PSR did not recommend any role in the offense adjustment, either aggravating or mitigating. The defendants objected arguing the facts establish their culpability as compared to co-defendant Jose Dominquez support a two point minimal role reduction.

The availability of a U.S.S.G. § 3B1.2 minor role adjustment should be determined by a comparison of the Defendants' culpability to

the culpability of their co-defendant Jose Dominquez. <u>United States v. Isaza-Zapata</u>, 148 F.3d 236, 241 (3d Cir. 1998). U.S.S.G. § 3B1.2, Application Note 3 entitled "Applicability of Adjustment" states the downward adjustment applies where the facts show ". . . a defendant who plays a part in committing the offense that makes him <u>substantially less culpable</u> than the average participant." (emphasis added). Thus, in this case, Defendants bear the burden of establishing by a preponderance of the evidence they are substantially less culpable than Jose Dominquez not merely less culpable than him.

The Guideline provides a list of factors for a court to consider in determining whether to apply a mitigating role adjustment. U.S.S.G. § 3B1.2, comment. (n.3(c)). The factors include: (1) the degree to which the defendant understood the scope and structure of the criminal activity, (2) the degree to which the defendant participated in planning the activity, (3) the degree to which the defendant exercised decision making authority or influenced decision making, (4) the nature and extent of the defendant's participation, and (5) the degree to which the defendant stood to benefit. <u>Id.</u> The Third Circuit has found that the

mitigating role adjustment only applies if the defendant demonstrates his "involvement, knowledge and culpability were materially less than those of other participants" and not merely that others were more culpable. United States v. Brown, 250 F.3d 811, 819 (3d Cir. 2001).

As it pertains to the conspiracy to defraud the United States of excise taxes, Defendants were no minor or minimal participants.

First, Defendants understood the scope and structure of the conspiracy. It was Defendants who collected the excise taxes from cigar retailers, maintained the collected "excise taxes" in their bank account, remitted only a portion of the funds for payment to the United States, and sent to Dominquez his share of the tax fraud proceeds. Second, Defendants were aware of the structure of the business. Defendants operated D&H Marketing out of their home and opened all the bank accounts used to receive tax monies from retailers. Third, Defendants exercised decision making authority. In particular, as signators to the business bank account only Defendants could have sent Dominquez his 50% share of the withheld excise taxes. Dominquez had no such authority and was dependent on Defendants to split the proceeds of the

fraud. Fourth, the nature and extent of Defendants' involvement is accurately set forth in the PSR. Last, Defendants benefited to the tune of approximately $900,000 over an 18 month period.

## V. Conclusion

For the reasons set forth above, the PSR's finding that Defendants are not entitled to a mitigating role adjustment should be adopted by the court.

Respectfully submitted,

DAVID J. FREED
United States Attorney

s/ Joseph J. Terz
JOSEPH J. TERZ
Assistant U.S. Attorney
Attorney I.D. PA55480
228 Walnut Street, Suite 220
P.O. Box 11754
Harrisburg, Pennsylvania 17108-1754
(717) 221-4482
(717) 221-4493 (Facsimile)
joseph.terz@usdoj.gov (email)
Counsel for the United States

Dated: July 19, 2019

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | NO. 1:17-CR-00195 |
| | ) | |
| v. | ) | (JONES, J.) |
| | ) | |
| DONNA M. VENTURINI, and | ) | (ELECTRONICALLY FILED) |
| HOPE R. CARBONE | ) | |
|     Defendants | ) | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

That this **July 19, 2019,** he caused to be served a copy of the attached

## GOVERNMENT'S SENTENCING MEMORANDUM

by electronic means by sending a copy to the e-mail addresses stated below:

ADDRESSEE(S):

Barry M. Boren, Esquire
borenlaw@bellsouth.net

Martin R. Raskin, Esquire
mraskin@raskinlaw.com

David C. Serene, Esquire
dcs@serenelaw.com

/s/   Joseph J. Terz
JOSEPH J. TERZ
ASSISTANT U.S. ATTORNEY